**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

JOHN R. WILLEN                                                                                   PLAINTIFF

V.                                                                                       NO. 3:04-CV-116-S

NORFOLK SOUTHERN RAILWAY CO.                                                DEFENDANT
                                                                         THIRD-PARTY PLAINTIFF

V.

ANSON INDUSTRIES LLC,
ANSON INDUSTRIES, INC, and
JAGGERS EQUIPMENT COMPANY                            THIRD-PARTY DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The defendant Norfolk Southern Railway Company moves for entry of default against the above-referenced third-party defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On April 27, 2006, this matter came before the court in a telephonic status conference, during which the plaintiff John R. Willen, by counsel, stated no objection to the entry of default. The court will grant Norfolk's motion for reasons stated below.[1]

The plaintiff alleges he sustained personal injuries due to a defect in a locomotive engineer's seat and seeks relief against Norfolk under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.* By order entered December 23, 2005, the court granted Norfolk leave to file a third-party complaint, in which Norfolk seeks an apportionment of fault against, or indemnification from, the manufacturers of the locomotive seat at issue.

---

[1] Because this motion presents itself as a nondispositive pretrial matter, the motion lies within the jurisdiction of the undersigned magistrate's current referral under 28 U.S.C. § 636(b)(1)(A). A motion for default judgment, however, would exceed the current referral as it would require authority to recommend a disposition under subsection (B) of § 636(b)(1).

According to the docket and an affidavit of Norfolk's counsel, Norfolk caused service of process on the third-party defendants, and summonses were returned executed on January 17, 2006 and March 31, 2006. Responsive pleadings were due February 1 and March 31, 2006, and the third-party defendants have failed to respond in any manner.

Norfolk now moves for entry of default, itself, a precursor to a default judgment. *See Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006). Whether the entry of default will ripen into a default judgment is a dispositive issue contingent on the outcome of the core controversy. Accordingly,

**IT IS HEREBY ORDERED** that Norfolk's motion for entry of default against the third-party defendants is **GRANTED**.

This is an interlocutory, non-appealable order.

Dated:

cc:   Counsel of Record
      Third-Party Defendants