**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| JOHN R. WILLEN | PLAINTIFF |
| v. | NO. 3:04-CV-116-S |
| NORFOLK SOUTHERN RAILWAY CO. | DEFENDANT<br>THIRD-PARTY PLAINTIFF |
| v. | |
| ANSON INDUSTRIES LLC,<br>ANSON INDUSTRIES, INC, and<br>JAGGERS EQUIPMENT COMPANY | THIRD-PARTY DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

The court heard oral argument on September 6, 2006 on numerous motions and pleadings related to the entries of default against the above-named third-party defendants, by Order dated May 4, 2006, and the motions of two third-party defendants to set aside the Order and to file belated responsive pleadings to the third-party complaint. This matter is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons set forth below, the court will allow Anson Industries LLC and Jaggers Equipment Company, represented by counsel, to defend the merits of this litigation. Anson Industries Inc. is not represented by counsel as required under 28 U.S.C. § 1654 and, thus, cannot presently challenge the entry of default.

The plaintiff John R. Willen alleges he sustained personal injuries due to a defect in a locomotive engineer's seat and seeks relief against the defendant, Norfolk Southern Railway Company, under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.,* and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.* Norfolk in turn seeks contribution or indemnification from the third-party defendants, whom Norfolk alleges are the manufacturers of

the seat. (The third-party defendants dispute manufacturing the tripod seat at issue.)

At oral argument, counsel provided the court with an overview of the factual disputes concerning service of process on Jaggers Equipment and the Anson companies. The specifics appear in the affidavits submitted with the pleadings. Jaggers and Anson Industries, LLC ask the court to set aside the entries of default for good cause, as provided under Rule 55(c) of the Federal Rules of Civil Procedure.[1] Three equitable factors inform a good cause inquiry: 1) whether the defaulting party displayed culpable conduct; 2) whether the defaulting party has meritorious defenses; and 3) whether the plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006).

The court finds persuasive the third-party defendants' contention that Norfolk's inconvenience and expense in effecting personal service of process and the parties' delay in retaining counsel were attributable not to culpable conduct so much as missed or poor communication between the parties and a misunderstanding that corporate entities must proceed with attorney representation. The court notes the Anson company is currently represented by insurance defense counsel and that the Jaggers company believes its defense is covered under a contractual indemnification agreement with, and as minority owner of, Anson Industries, LLC.

Further, equity favors proceeding on the merits rather than a severe adherence to every technical aspect of the civil rules, particularly here where there is a dispute of fact whether the proper manufacturer is before the court.[2] Although it is apparent Norfolk has been put to some

---

[1] Counsel for Anson Industries LLC further argued that improper service of process provides an additional ground for setting aside the entry of default. The court need not address this issue, however, in light of the conclusion that good cause exists for setting aside the entry of default.

[2] Counsel for Anson Industries LLC represented at oral argument that Anson Industries Inc. is an Illinois company wholly unrelated to the Anson entity before the court.

inconvenience and expense in effecting personal service, Norfolk fails to articulate any prejudice other than the remote risk that one of the third-party defendants may become judgment proof due to other litigation-related liabilities.  The magistrate judge concludes setting aside the entries of default better serves substantial justice.

As previously addressed in the Order granting the entries of default, this ruling addresses a nondispositive, pretrial matter pursuant to the magistrate judge's referral under § 636(b)(1)(A). This opinion is not a report and recommendation because Norfolk seeks an *entry* of default rather than a *judgment* of default.  This distinction, therefore, requires a party seeking review of this order to move the district judge to reconsider under § 636(b)(1)(A) under the standards set forth therein.

### ORDER

The entry of default, by Order dated May 4, 2006, stands as it pertains to the third-party defendant, Anson Industries, Inc., which has never appeared before the court.  This Order addresses the pending motions of the remaining third-party defendants and the third-party plaintiff.  The court being sufficiently advised,

**IT IS HEREBY ORDERED** that Anson Industries LLC's motions for an extension of time to file an answer (DN 55) and to set aside the entry of default (DN 67) are **GRANTED**; the clerk is directed to file the tendered answer as of the date of this Order;

**IT IS FURTHER ORDERED** that Norfolk's motion to reconsider (DN 69) is **DENIED**;

**IT IS FURTHER ORDERED** that Norfolk's motion to strike the *pro se* pleadings filed by John Anson (DN 59) is **GRANTED** except to the extent counsel has incorporated these pleadings by reference in defense of Anson Industries LLC.

**IT IS FURTHER ORDERED** that all other pending motions are **MOOT**.

This is an interlocutory order not appealable to the United States Court of Appeals.

Dated:

cc: Counsel of Record